## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES HENRY DILLARD II,<br><br>  Plaintiff,<br>vs.<br><br>DAMON LOVELL, *et al.*,<br><br>  Defendants. | Case No.: 2:23-cv-01296-GMN-NJK<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the Court are Plaintiff's Responses, (ECF Nos. 7, 9), to the Court's Orders to Show Cause, (ECF Nos. 6, 7), requiring Plaintiff to explain why the Court should not dismiss this action for lack of subject matter jurisdiction. The Court has reviewed Plaintiff's Responses and determined that it lacks jurisdiction over this matter. Accordingly, it dismisses Plaintiff's Complaint, (ECF No. 1-1), without prejudice to be refiled in the appropriate venue.

Federal courts, unlike state courts, are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1282 (9th Cir. 1977).

///

///

///

Beginning with federal question jurisdiction, Plaintiff's claims do not state causes of action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff alleges claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, and Defamation, 28 U.S.C § 4102. (Resp., ECF No. 7, 9). Only claims against the United States are included within Federal Tort Claims Act jurisdiction. Defendants Damon Lovell, Kenneth Rucker, and Marquis Edwards ("Defendants"), are private individuals, rendering this section inapplicable. To the extent Plaintiff characterizes his claim as a "violation of civil rights," there is no indication the named Defendants are acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 108 (1988). The "color of state law" requirement is a condition precedent to stating a 42 U.S.C. § 1983 claim and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself. The Bill of Rights does not prohibit acts of private persons, *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461–62, (1952), however discriminatory or wrongful. *District of Columbia v. Carter*, 409 U.S. 418, 422 (1973).

Plaintiff's remaining claim is for Defamation under 28 U.S.C. 4101. Section 4101 is the definition section of Chapter 181, which addresses the recognition of foreign defamation judgments in domestic courts, and defines defamation, "but does not create a basis for a cause of action." *Gonsalves v. Withy*, 2022 WL 10650259, at *2 (D. Haw. Sept. 30, 2022). "Simply put, while an individual's interest in his reputation is a basic concern, its reflection in the laws of defamation is solely a matter of State law." *Mazzella v. Philadelphia Newspapers, Inc.*, 479 F. Supp. 523, 528 (E.D.N.Y. 1979) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974)). Accordingly, Plaintiff has not established federal question jurisdiction.

Plaintiff has also failed to allege that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. Plaintiff summarily states he "is seeking $75,000 from each defendant for defamation of character." (Resp. Order Show Cause at 2, ECF No. 9). But a plaintiff must provide specific, factual allegations showing how the case in controversy exceeds

$75,000. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91. Plaintiff's conclusory allegations fail to show the amount in controversy requirement is met.

In sum, Plaintiff has not established either form of federal subject matter jurisdiction. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Complaint, (ECF No. 1-1), for lack of federal subject matter jurisdiction, and **DENIES as moot** his Motion to Proceed *in forma pauperis*, (ECF No. 1).

The Clerk of Court is kindly instructed to close the case.

**DATED** this   10   day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT