UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES H. DILLARD, II,

           Plaintiff,

vs.

DAMON LOVELL, *et al.*,

           Defendants.

Case No.: 2:23-cv-01296-GMN-NJK

**ORDER DENYING MOTION TO REINSTATE COMPLAINT**

      Pending before the Court is Plaintiff James H. Dillard's Motion to Reinstate Complaint, (ECF No. 15), which the Court liberally construes as a motion for reconsideration. The Court has reviewed Plaintiff's Motion, as well as his prior miscellaneous filings, (ECF Nos. 11, 12, 14), and finds that reopening this closed case is not warranted. Accordingly, the Court **DENIES** Plaintiff's Motion to Reinstate Complaint and **DENIES** his miscellaneous filings **as moot**.

      The Court dismissed this case for lack of subject matter jurisdiction after ordering Plaintiff to show cause how his case presented a federal question under 28 U.S.C. § 1331 or met the requirements of diversity jurisdiction under 28 U.S.C. § 1332. (Order Dismissing Case Without Prejudice, ECF No. 10). Plaintiff then filed his Motion to Reinstate Complaint, acknowledging the Court did not have subject matter jurisdiction based on his Complaint, (ECF No. 1-1), but advancing that the Court now has federal question jurisdiction under his Amended Complaint,[1] (ECF No. 16), because he alleges a claim for copyright infringement pursuant to

---

[1] The Court did not give Plaintiff leave to file his Amended Complaint. (*See generally* Order Dismissing Case Without Prejudice).

17 U.S.C. § 501. (Mot. Reinstate Complaint at 2).  So, Plaintiff requests the Court reopen his case and allow it "to proceed to the next appropriate stage." (*Id.*).

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

Plaintiff does not contend the Court erred in its reasoning.  So rather than reconsider the substance of its Order, he requests the Court reconsider its solution, the dismissal without prejudice and closing of his case.  However, dismissal without prejudice was appropriate

because the Court lacked subject matter jurisdiction over this lawsuit. "Without jurisdiction the court cannot proceed at all in any case. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)).

The Court notes that Plaintiff's case was dismissed without prejudice. "As such, Plaintiff's case does not need to be reopened. Plaintiff can file new lawsuits raising the allegations in his [Amended] Complaint . . . ." *Simpson v. Pierce Cnty. Jail*, No. 3:17-cv-05466, 2018 WL 4566059, at *2 (W.D. Wash. Sept. 24, 2018) (citing *Powell v. Smith*, No. 1:08-cv-1443, 2011 WL 4527412, at *2 (E.D. Cal. Sept. 28, 2011)) (denying a prisoner plaintiff's motion to reopen under Rule 60 and noting the plaintiff did not need to reopen his case and could simply re-file the complaint because the case had been dismissed without prejudice).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reinstate Complaint, (ECF No. 15), is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's prior Motions, (ECF Nos. 11, 12, 14), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff may not file any more documents in this closed case. If Plaintiff seeks to initiate a new lawsuit, he may submit to the Clerk of the Court a new complaint and either an application to proceed *in forma pauperis* or pay the full $405 filing fee for a civil action.

**DATED** this __10__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT